UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| BRIAN C. APPLEGATE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS & REHABILITATION,<br><br>　　　　Defendant. | Case No. 19-cv-05448-LB<br><br>**DISCOVERY ORDER**<br>Re: ECF No. 101 |

**INTRODUCTION**

The court has an evidentiary hearing set for June 23, 2022, to resolve fact disputes about whether the plaintiff Brian Applegate, who is representing himself, exhausted administrative remedies for his claim that the California Department of Corrections and Rehabilitation (CDCR) violated his requests for accommodation under the Americans with Disabilities Act (ADA). The parties dispute (1) the sufficiency of the CDCR's responses to discovery propounded by the plaintiff's former counsel in October 2021 and (2) the CDCR's refusal to produce more discovery that Mr. Applegate requested in March 2022. The court can decide the dispute without oral argument. N.D. Cal. Civ. L. R. 7-1(b). The court generally denies Mr. Applegate's motion to compel the discovery: except for its response to subpart 1 of RFP 3, the CDCR responded sufficiently to the October 2021 discovery requests, and Mr. Applegate's March 2022 discovery requests are untimely because the deadline for propounding written discovery was November 19,

2021. For RFP 3, subpart 1, the court allows withholding of privileged and work-product information and redactions for any privacy concerns, but it orders production of responsive information by June 14, 2022.

## STATEMENT

After the court denied the CDCR's motion for summary judgment and ordered an evidentiary hearing under *Albino v. Baca*, 747 F.3d 1162 (9th Cir. 2014), on the issue of exhaustion, the court appointed pro bono counsel.[1] The court set a November 19, 2021, cutoff for written discovery requests.[2] On October 7, 2021, Mr. Applegate's counsel served requests for admissions and production of documents.[3] Counsel withdrew from the case on January 3, 2022, before the CDCR's responses to the discovery were due.[4] On March 17, 2022, Mr. Applegate made additional discovery requests and proposed compromises.[5] On April 11, 2022, the parties conferred for over an hour and a half about their discovery disputes.[6] The CDCR responded to the October discovery requests on April 19, 2022.[7] The current disputes are in Mr. Applegate's letter brief filed on May 13, 2022, and the CDCR's opposition filed on June 3, 2022.[8] The parties met and conferred for about an hour and fifteen minutes on June 2, 2022, but they were unable to resolve the discovery disputes.[9]

## ANALYSIS

Federal Rule of Civil Procedure 26(b)(1) limits discovery to matters that are (1) "relevant to any party's claim or defense" and (2) "proportional to the needs of the case, considering the

---

[1] Order – ECF No. 49. Citations refer to the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.
[2] Order – ECF No. 69 at 3.
[3] Resps., Exs. A & B to Zalesny Decl. – ECF No. 106-2 at 1–13.
[4] Order – ECF No. 78.
[5] Letter Br. – ECF No. 101 at 8–10; Opp'n – ECF No. 106 at 4.
[6] Opp'n – ECF No. 106, Zalesny Decl. – ECF No. 106-1 at 2 (¶ 4).
[7] Resps., Exs. D & E to Zalesny Decl. – ECF No. 106-2 at 19–51.
[8] Letter Br. – ECF No. 101; Opp'n – ECF No. 106.
[9] Zalesny Decl. – ECF No. 106-1 at 3 (¶ 7).

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Rule 26(c)(1) authorizes courts "for good cause, [to] issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"

**1. October 2021 Discovery Requests**

**1.1 Requests for Admissions (RFAs)**

Mr. Applegate moved to compel admissions to the following RFAs:

> **No. 1:** Other inmates have accused Salinas Valley State Prison (SVSP) of failing to process grievances.
>
> **No. 2:** At SVSP, the process described in the Declaration of R. Mojica in support of the summary-judgment motion was not always followed from August 2016 through June 2018.
>
> **No. 3:** At SVSP, there were times when only a single person would collect and count the forms submitted via the secured lock box from August 2016 through June 2018.[10]

The CDCR objected to the requests as vague and ambiguous, irrelevant to the issues for the *Albino* hearing, and overly broad in light of the thousands of inmates at the facility during the time period for the information sought. Without waiving its objections, it responded to the requests by stating that it lacked sufficient personal knowledge to admit or deny each request and thus denied the requests.[11] In his letter brief, Mr. Applegate contended that (1) the CDCR's response to his first request is contradicted by an investigation by the Prison Law Office, (2) the response to the second request is inadequate because the processes and practices described by R. Mojica are different than those described in the Department Operations Manual, and (3) the response to the

---

[10] Letter Br. – ECF No. 101 at 1–3.

[11] Opp'n – ECF No. 106; Resp., Ex. D to Zalesny Decl. – ECF No. 106-2 at 20–22.

third request is inadequate because R. Mojica's statement can be confirmed only with evidence from other prison staff regarding the chain of custody.[12]

As a practical matter, the important issues in cases generally are disputed and thus often cannot be resolved by RFAs. RFAs are useful, if at all, for less important issues. Cal. Prac. Guide: Civ. P. Before Trial § 11:1972 (The Rutter Guide 2022). The RFAs here are about how the CDCR might have lost or failed to process Mr. Applegate's appeals. But trying to use the RFAs to get at that issue creates undue burden and generally is too vague an approach. Instead, the issue can be tested best through witness testimony. The CDCR has several witnesses on its list to testify about procedures for processing appeals. Mr. Applegate can call those witnesses or cross-examine them about these disputed issues. For example, R. Mojica is a witness, and Mr. Applegate can examine him about his declaration. Mr. Applegate also can put on evidence of his own, he can attempt to authenticate that evidence through witness testimony (for example by showing CDCR witnesses the documents), and he can examine the witnesses about facts relevant to his theory of the case.

**1.2 Requests for Production (RFPs)**

Mr. Applegate moved to compel the CDCR to respond to the following RFPs:

**No. 1:** All Forms 22s related to Mr. Applegate from September 2016 through June 2018.

**No. 2:** All communications between Appeals Coordinators Medina, Lomeli, and Mojica and Mr. Applegate from September 2016 through June 2018, not including Forms 602s, 602-HCs or 1824s.

**No. 3:** Documents related to SVSP's actions in response to (1) the Prison Law Office's reporting of thirty-three allegations of staff interference with appeals in May 2017 (related to *Armstrong* class-action monitoring), (2) the plaintiff's reporting in April 2017 of "appeal insecurity in A-5" made "via Inmate Advisory Council (IAC)/Americans with Disabilities Act (ADA) Subcommittee Agenda, items #1–12," and (3) the plaintiff's in-person verbal reporting of appeals missing from the secure lock box "made into CDCR at the 11/21/17 IAC meeting."

---

[12] Letter Br. – ECF No. 101 at 1–3.

**No. 4:** All documents that support the CDCR's contention that the plaintiff submitted no other 602s related to the allegations in this case from September 2016 through June 2018, not including any materials that are contained within the Inmate Appeals Tracking System.

**No. 11:** Documents that describe the policies and practices at SVSP regarding the handling of inmates' grievances from the time of their initial submissions until they are logged in the Inmate Appeals Tracking System from September 2016 to June 2018.[13]

The CDCR objected to the requests as vague and ambiguous and irrelevant and overbroad regarding the exhaustion at issue in the *Albino* hearing. Without waiving its objections, it responded to RFPs 1, 2, and subparts 2 and 3 of RFP 3 by saying that was searching for responsive documents. For subpart 1 of RFP 3, the CDCR refused to respond on several grounds, including the grounds that the RFP could encompass information protected from disclosure by attorney-client privilege and the work-product doctrine and also could infringe on the privacy rights of other inmates and staff not related to the case. For RFP 4, it said that the discovery was premature and would be identified at a later date before the evidentiary hearing, and it also said that it was searching for responsive information. For RFP 11, it said that it would produce responsive documents and supplement its responses if its continuing search resulted in more responsive documents.[14]

For all disputes except for subpart 1 of RFP 3, there is no dispute. The CDCR said that it would search for and produce responsive documents, and it confirmed that it would supplement its productions, as it must under Federal Rule of Civil Procedure 26(e). For RFP 4, the discovery is no longer premature. Mr. Applegate contends that the prison staff should have preserved the documents and suggests that they purged documents improperly.[15] Those are fair points to make through his examination of witnesses. But the CDCR can produce only the documents that it has. The court trusts that the CDCR understands its discovery obligations and has supplemented its responses under Rule 26(e). For clarity, the court deems the discovery relevant and

---

[13] Letter Br. – ECF No. 101 at 3–5 (challenging only the five RFPS and not RFPs 5 through 10). He withdrew RFP 12. Zalesny Decl. – ECF No. 106-1 at 2 (¶ 4); Letter, Ex. C to *id.* at 16.

[14] Resp., Ex. E to Zalesny Decl. – ECF No. 106-2 at 26–30.

[15] Letter Br. – ECF No. 101 at 3–5

nonburdensome and would order its production if the CDCR had not represented that it has already produced the documents.

As to subpart 1 of RFP 3, the CDCR can withhold any privileged or work-product information, and it can redact any productions to address privacy concerns. But on its face, the RFP is relevant and not burdensome. Moreover, the redactions do not interfere with Mr. Applegate's ability to show other instances of alleged interference with inmate appeals. The CDCR must produce the information forthwith to Mr. Applegate. The court suggests that the production must be delivered to him directly no later than June 14, 2022, so that he can raise any concerns at the prehearing conference on June 16, 2022.

### 2. 2022 Discovery Requests

Mr. Applegate sought additional discovery from the CDCR on March 17, 2022.[16] The discovery is untimely because the deadline to serve written discovery requests was November 19, 2021. To the extent that his 2022 requests demand prison manuals about the processing of appeals, that request is subsumed in his earlier RFP 11. The CDCR responded to the RFP with the relevant portions of the relevant operations manuals. To the extent that the March 2022 request clarifies the earlier request, the CDCR may not rely on the timing of the request to deny supplementing its response to RFP 11.

### 3. Sanctions

Mr. Applegate seeks sanctions for the CDCR's failure to respond to his requests.[17] The court denies sanctions.

When a district court decides to impose sanctions or discipline, it must clearly delineate its authority to ensure that the attendant requirements are met. *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on."). "The imposition of sanctions requires a statement of reasons for the

---

[16] *Id.* at 10.

[17] *Id.* at 7.

district court's action, including the need for the particular sanctions imposed." *Couveau v. Am. Airlines, Inc.*, 218 F.3d 1078, 1081 (9th Cir. 2000) ("If the district court ultimately imposes sanctions, detailed findings are necessary to identify the objectionable conduct and provide for meaningful appellate review.").

Because there is no relevant discovery order, Fed. R. Civ. P. 37(b)(2)(A), any sanctions are under the court's inherent authority. Courts are invested with inherent powers that are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (cleaned up). The Ninth Circuit has held that sanctions are available under the court's inherent power if preceded by a finding of "bad faith or conduct tantamount to bad faith," such as recklessness "combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). "A federal trial court has the inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993).

Here, the record does not support the imposition of sanctions: (1) the RFAs — while fine to propound — ultimately were not a good vehicle for narrowing the issues in dispute; (2) the CDCR objected to the RFPS but generally responded to them; and (3) the privilege and privacy issues about the response to RFP 3, subpart 1, were appropriately raised with the court.

## CONCLUSION

The court denies Mr. Applegate's motion to compel except that it orders the CDCR to respond to RFP 3, subpart 1, by Tuesday, June 14, 2022, by delivering the discovery to Mr. Applegate directly (perhaps through SVSP's litigation coordinator), along with a copy of this order. The court denies the motion for sanctions.

This resolves ECF No. 101.

**IT IS SO ORDERED.**

Dated: June 9, 2022

LAUREL BEELER
United States Magistrate Judge